UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BERNARD ANDERSON BEY,

                Plaintiff,

-against-

ROC NATION LLC; MR. SEAN C. CARTER; LIVE NATION ENTERTAINMENT INC.; THE CITY OF ALBANY; JUSTICE JILL A. KEHN; MAGISTRATE DAVID LEVY,

                Defendants.

24-CV-6446 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated October 1, 2024, and entered on October 7, 2024, the Court transferred this *pro se* action, under 28 U.S.C. § 1404, to the United States District Court for the Northern District of New York. (ECF 6.) That court acknowledged receipt of the action on October 18, 2024.[1] *See Bey v. ROC Nation*, No. 24-CV-1281 (N.D.N.Y. Nov. 18, 2024). On October 31, 2024, 13 days after the Clerk of Court entered the transfer order, Plaintiff filed a letter, with 68 pages of attachments, objecting to the transfer order. (ECF 8). He submitted another letter on December 2, 2024, asserting that the transfer has caused him undue hardship and seeking a stay so that he can file a motion under Federal Rules of Civil Procedure 60(b). (ECF 9 at 2.)

## DISCUSSION

The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over

---

[1] Under Local Civil Rule 83.1 of this court, the Clerk of Court, "unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of [an action] to the transferee court."

the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995); *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Here, the transferee court acknowledged receipt of this action on October 18, 2024, and Plaintiff did not file his first letter objecting to the transfer until October 31, 2024, after the transfer had already taken effect. The transfer of this action divested the Court of jurisdiction to act in this matter. If Plaintiff wishes to challenge the transfer, he must do so in the Northern District of New York. The Court must therefore deny Plaintiff's challenge to the transfer order.

## CONCLUSION

Because the Court lacks jurisdiction to act in this case, Plaintiff's challenge to the October 1, 2024 transfer order is denied. This matter remains closed in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 5, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge