UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARD ANDERSON BEY,

                Plaintiff,

        -against-

ROC NATION LLC; MR. SEAN C. CARTER;
LIVE NATION ENTERTAINMENT INC.; THE
CITY OF ALBANY; JUSTICE JILL A. KEHN;
MAGISTRATE DAVID LEVY,

                Defendants.

24-CV-6446 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of Brooklyn, New York, filed this complaint *pro se* and *in forma pauperis* ("IFP"), alleging that Defendants violated his rights in connection with Family Court proceedings in Albany, New York. By order dated October 1, 2024, and entered on October 7, 2024, the Court transferred the complaint, under 28 U.S.C. § 1404, to the United States District Court for the Northern District of New York. (ECF 6.) That court acknowledged receipt of the action on October 18, 2024. *See Bey v. ROC Nation*, No. 24-CV-1281 (N.D.N.Y. Nov. 18, 2024). On October 31, 2024, 13 days after the Clerk of Court entered the transfer order, Plaintiff filed an objection to it. (ECF 8). He submitted another objection on December 2, 2024. (ECF 9.) By order dated December 5, 2024, the Court: (1) informed Plaintiff that the transfer of a case divests the transferring court of jurisdiction of the action; (2) denied his challenge to the transfer order; and (3) informed Plaintiff that f he wished to challenge the transfer, he must do so in the Northern District of New York. (ECF 10.)

On January 31, 2025, the Northern District of New York dismissed Plaintiff's federal claims for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissed his state law claims without prejudice to refiling in the appropriate state court. No. 24-CV-1281, ECF 10. That

court denied Plaintiff's subsequently filed motions to vacate the judgment and for reconsideration. *Id.*, ECF 12-15.

On October 26, 2025, Plaintiff filed in this court a motion for oral argument, and on October 31, 2025, he filed an "amended motion" to vacate or for rehearing or reassignment. (ECF 11, 12.) Plaintiff has also submitted two letters, a document titled "Legal objections to order of dismissal and denial of motion to vacate; order to show cause for rehearing on all applicable motions; objections for new findings and or amended findings," and a "proposed order to show cause why upon the presented legal objections new findings should not issues and the order of dismissal be vacated; and denials of injunctive relief and motion to vacate be set aside." (ECF 13-17.) Plaintiff's submissions bear the docket number for this action and for two other cases he has filed in this court. (ECF 16 at 1.)

## DISCUSSION

On December 5, 2024, the Court denied Plaintiff's motion for reconsideration of the October 1, 2024 transfer order. To the extent Plaintiff again seeks reconsideration of that transfer order, the Court construes his submissions as seeking relief under Federal Rule of Civil Procedure 60(b), and denies the motion for the same reasons set forth in the December 5, 2024 order. (ECF 10.) As previously explained, once this matter was transferred to the Northern District, and that court acknowledged receipt, this Court lost jurisdiction of the action. *See Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995). Plaintiff is not entitled to any relief from this Court in connection with his claims.

**CONCLUSION**

Because the Court lacks jurisdiction to act in this case, Plaintiff's challenges to the

October 1, 2024 transfer order is denied. The Clerk of Court is directed to terminate all pending

motions.

This matter remains closed in this court. No further documents may be filed in this case,

except a notice of appeal to the United States Court of Appeals for the Second Circuit. If Plaintiff

files other documents that are frivolous, meritless, or duplicative, the Court may direct Plaintiff

to show cause why he should not be barred from filing further documents in this action. *See* 28

U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    December 11, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                     Chief United States District Judge

3